725 So.2d 419 (1999)
Juanita Ann GRESHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1687.
District Court of Appeal of Florida, Fourth District.
January 20, 1999.
*420 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Defendant was charged with attempted first degree murder and aggravated battery arising from an altercation with her husband. As succinctly described by defendant's able appellate counsel, the event occurred as follows:
"[She] called her husband on the telephone, threatened to kill him, took a loaded shotgun across town, and pointed it at him, saying `you'll be dead by 8:00.' Her husband grabbed the gun barrel, the two struggled, falling to the floor, whereupon [she] grabbed a knife and began stabbing her husband."
As to the first count the jury returned a verdict of guilty on the lesser included offense of attempted second degree murder, and as to the second count guilty of aggravated battery as charged. We affirm the conviction on the lesser included offense in the murder charge but reverse the conviction on the aggravated battery charge.[1]
The information charged in count I that defendant attempted to kill her husband by using a shotgun "or other deadly weapon" and in furtherance thereof pointed the gun at him. Court II charged that she struck him "with a deadly weapon, to-wit: a knife." During the trial the prosecutor repeatedly contended that the stabbing proved an intent to commit first degree murder. Both the murder charge and the aggravated battery charge arose from the same continuous action. That is to say, although she first pointed the gun at him and stabbed him only after the gun was wrested away from her, both acts occurred in a uninterrupted sequence. Thus we view them as being but a single act.
Second degree murder is defined by statute as follows:
"The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, is murder in the second degree...."
§ 782.04(2), Fla. Stat. (1997). Aggravated battery is defined by statute as follows:
"A person commits aggravated battery who, in committing battery ... [i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or ... [u]ses a deadly weapon."
§ 784.045(1)(a), Fla. Stat. (1997). Under the Blockburger test,[2] separate convictions for different offenses arising from a single act are permissible where each separate offense contains an element that the other lacks.[3] The state argues that each of the above statutory offenses contains an element that the other lacks. We do not agree.
According to the Standard Jury Instructions, aggravated battery is a category 2 *421 lesser included offense of attempted second degree murder. Fla. Std. Jury Instr. (Crim.) 372. The accusatory pleading and the evidence at trial determine whether a separate charge is properly deemed a category 2 lesser included offense. Id. at 367. In this case, both the pleading and the evidence relied on by the state at trial are consistent with the stabbing being committed as part of the attempted second degree murder. It is therefore a violation of the Double Jeopardy Clause to convict defendant of both offenses.
REVERSED AS TO CONVICTION FOR AGGRAVATED BATTERY.
STONE, C.J., and STEVENSON, J., concur.
NOTES
[1] We reject defendant's contentions as to all other issues.
[2] See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
[3] See § 775.021(4)(a), Fla. Stat. (1997) ("offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.").