744 So.2d 1221 (1999)
Robert JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3168.
District Court of Appeal of Florida, Fourth District.
November 10, 1999.
Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, J.
Appellant was charged with attempted second degree murder and aggravated battery and was found guilty following a jury trial of battery as a lesser included offense of attempted second degree murder and aggravated battery as charged. The trial court sentenced appellant to a period of incarceration on each of the two charges. We hold that the double jeopardy clause precludes the entry of judgment and sentence as to both charges and reverse with directions that the battery conviction be vacated. See Hardy v. State, 705 So.2d 979, 981 (Fla. 4th DCA 1998).
Appellee, without conceding error, acknowledges that the trial evidence in this case could be viewed as arising from the same continuous criminal act or episode. See Gresham v. State, 725 So.2d 419 (Fla. 4th DCA 1999). We agree, and hold that the acts in this case arose from a single act occurring in an uninterrupted sequence. Since the battery and aggravated battery offenses are out of a single episode and are part of the same offense, double jeopardy precludes dual convictions. See Gresham, 725 So.2d 419, Campbell-Eley v. State, 718 So.2d 327 (Fla. 4th DCA 1998). We therefore affirm the aggravated battery conviction and remand to the trial court to vacate the battery conviction and correct the guidelines scoresheet. See Hardy, 705 So.2d at 981. Since we are unable to conclude that appellant's sentence would have been the same had the trial court used a properly prepared scoresheet, we remand for resentencing. See Shabazz v. State, 674 So.2d 920 (Fla. 4th DCA 1996).
Affirmed in part, reversed in part, and remanded with directions and for resentencing.
FARMER and HAZOURI, JJ., concur.