HAZOURI, J.
Darryl Giles (Giles) was charged by a multi-count information with the following: count I, attempted second degree murder with a firearm (Officer Grant); count II, attempt to deprive an officer of his weapon (Officer Grant); count III, battery on a law enforcement officer (Officer Grant); count IV, battery on a law enforcement officer (Officer Burns); count V, resisting arrest with violence; count VI, possession of cocaine; count VII, possession of hydro-codone, and count VIII, attempted tampering with physical evidence. At the close of the state’s case, Giles moved for a judgment of acquittal on the charge of attempted second degree murder with a firearm arguing that there had been no evidence of the use of a firearm and that the charge should be reduced to attempted second degree murder. The trial court granted the motion. Upon submission to the jury, Giles was convicted of battery as a lesser included offense of attempted second degree murder of Officer Grant; battery on a law enforcement officer (Officer Grant); resisting arrest with violence; possession of cocaine; possession of hydrocodone; and attempted tampering with evidence. Giles was acquitted on counts II and IV. Giles was sentenced on each of the counts for which he was convicted.
Giles raises three points on appeal. First, the trial court erred in convicting and sentencing Giles for both battery as a lesser included offense of attempted second degree murder and battery on a law enforcement officer (Officer Grant) because it involved the same victim in the same criminal episode and thus constituted double jeopardy. Second, the trial court erred in permitting the state to peremptorily strike three black jurors. Third, Giles’s sentence was based on an incorrectly calculated score sheet and therefore was an illegal sentence and the trial court did not give Giles full credit for time served. We find point two without merit but reverse on points one and three.
As to the first point on appeal, Giles was convicted of battery as a lesser included offense of attempted second degree murder and battery on a law enforcement officer, both on the same person, Officer Grant. The trial court sentenced Giles to a period of incarceration on each of these two charges. The battery of Officer Grant and the battery of a law enforcement officer arose from a single act occurring in an uninterrupted sequence. Since the battery as a lesser included offense of attempted murder and battery of a law enforcement officer arose out of a single episode and are part of the same offense, double jeopardy precludes dual convictions. See Gresham v. State, 725 So.2d 419 (Fla. 4th DCA 1999). We hold that the double jeopardy clause precludes entry of judgment and sentence on both charges and reverse with directions to vacate the conviction and sentence for battery as a lesser included offense of attempted second degree murder. See Johnson v. State, 744 So.2d 1221 (Fla. 4th DCA 1999); Hardy v. State, 705 So.2d 979 (Fla. 4th DCA 1998).
On the third point on appeal the state concedes that the score sheet for counts VI and VII was miscalculated. The range should have been 23.4 to 39 months instead of 32.9 to 54.7 months. Since the trial judge sentenced Giles to 42 months on those two counts, which is outside the correct guideline range, he is entitled to be resentenced on those two counts. The state also concedes that Giles is entitled to 99 days credit for time served as opposed *1180 to the 34 days determined by the trial court.
The trial court is directed to resentence on counts VI and VII and to credit Giles with 99 days for time served.
Affirmed in part, reversed in part and remanded with directions for resentencing consistent with this opinion.
WARNER, C.J., and STONE J., concur.