792 So.2d 1251 (2001)
John E. McKOWEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2916.
District Court of Appeal of Florida, Fifth District.
August 31, 2001.
*1252 James B. Gibson, Public Defender, and Daniel J. Schafer, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
McKowen appeals from a judgment and sentence imposed against him on September 20, 2000, following a jury trial. The case grew out of incidents which occurred on September 12, 1999, when he robbed a convenience store with a deadly weapon, and attacked law enforcement officers when they tried to apprehend him. McKowen wildly attacked a police officer with a knife, threatening the officer and his canine partner with death. The jury found McKowen guilty of the lesser included offenses of battery on a law enforcement officer and attempted second degree murder. McKowen was sentenced as a habitual offender to thirty years on the second degree murder charge, and he was adjudicated guilty on the aggravated battery count, but not sentenced.
At issue in this appeal is whether the trial court erred in adjudicating McKowen guilty of attempted second degree murder and aggravated battery where both charges arose out of a single incident and included a single victim. McKowen also argues he should not have been adjudicated guilty of a non-existent crimeattempted second degree murder.
The trial judge agreed that McKowen should not be sentenced for both crimes, because they arose out of the same acts against the same victim. The state argues that the two offenses are not similar and that one is not subsumed in the other for the purposes of double jeopardy. Battery on a law enforcement officer is actually and intentionally touching or striking a law enforcement officer against his will, while he is engaged in the lawful execution of his duties. Attempted second degree murder requires the intentional commission of an imminently dangerous act which demonstrates a depraved mind that could have resulted in the death of the victim. We do not think the two crimes are subsumed, one within the other, merely because they were committed at the same time, against the same police officer. See State v. Henriquez, 485 So.2d 414 (Fla. 1986). But the state did not cross-appeal the failure of the trial court to sentence on the aggravated battery count.
McKowen also argues that the second degree murder charge fails, as it is a non-existent crime. He cites Brown v. State, 790 So.2d 389 (Fla.2000), which was pending in the supreme court on a motion for rehearing at the time the brief was filed. However, since that date the supreme court has filed a revised opinion. See Brown v. State, 790 So.2d 389 (Fla. 2000). Brown holds that the crime of attempted second degree murder does exist.
AFFIRMED.
THOMPSON, C.J., and HARRIS, J., concur.