837 So.2d 587 (2003)
Brian Keith SCHIRMER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-184.
District Court of Appeal of Florida, Fifth District.
February 14, 2003.
*588 James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Schirmer appeals from his judgments and sentences for aggravated battery with a deadly weapon or causing great bodily harm,[1] and attempted second degree murder with a weapon.[2] He argues the dual convictions for these two crimes violate the double jeopardy provisions of state and federal constitutions.[3] We affirm.
The evidence in this case established that Schirmer and the victim became angry and engaged in a shoving match in the victim's kitchen. The victim ordered Schirmer, a guest in the victim's house, to leave the property. The victim left the kitchen for a short time. When he returned, Schirmer stabbed him in the lower abdomen. Thus the two criminal charges relate to the same actstabbing the victim with a knife, one time.
In Gresham v. State, 725 So.2d 419 (Fla. 4th DCA 1999), under nearly identical facts (except in that case there were multiple stabs with a knife), the court held that pursuant to section 775.0231(4)(a), two convictions for the same act could not stand because the aggravated battery count was a category 2 lesser included offense of attempted second degree murder. Fla. Std. Jury Instr. (Crim.) 372. However, the exception in section 775.021(4)(b)3 for lesser included offenses *589 applies only to category one or necessarily lesser included offenses and not to category two or permissive lesser included offenses. Gordon v. State, 780 So.2d 17 (Fla.2001); Aiken v. State, 742 So.2d 811 (Fla. 2d DCA 1999). In this case, there is no category one or necessarily lesser included offense involved.
Further, we are bound by our decision in McKowen v. State, 792 So.2d 1251 (Fla. 5th DCA 2001) in which we held that convictions for battery on a law enforcement officer and attempted second degree murder, based on the defendant's attack on the officer with a knife, did not violate double jeopardy principles. We found that the two crimes had different required elements and determined one did not "subsume" the other.
The same analysis controls in this case. The elements for aggravated battery are: 1) the defendant committed a battery against a victim, and 2) in committing the battery, the defendant intentionally or knowingly caused great bodily harm, permanent disability or permanent disfigurement to the victim or used a deadly weapon.[4] Although murder entails bodily injury, that is not a necessary component of attempted murder. Brown v. State, 761 So.2d 1135 (Fla. 1st DCA 2000), approved, 781 So.2d 1083 (Fla.2001). And, attempted second degree murder requires proof of an act which could have resulted in deathan element not required for aggravated battery.
AFFIRMED.
ORFINGER, J., and COBB, W.H., Senior Judge, concur.
NOTES
[1] § 784.045(1)(a)1. and 2., Fla. Stat.
[2] § 782.04(2); § 777.04; § 775.087, Fla. Stat.
[3] U.S. Const. Amend V; Fla. Const., art 1 § 9.
[4] See Fla. Std. Jury Instr. (Crim) 122; § 784.045(1)(a)1 and 2, Fla. Stat.