855 So.2d 109 (2003)
Arthur FLORIDA, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2316.
District Court of Appeal of Florida, Fourth District.
July 9, 2003.
*110 Arthur Florida, Miami, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny appellee's motion for rehearing, withdraw our previously issued opinion and substitute the following in its place.
Appellant Arthur Florida appeals the trial court's order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse and remand in part.
*111 Appellant Florida was convicted on counts of armed burglary, robbery with a firearm, armed sexual battery, armed kidnaping, attempted sexual battery, aggravated battery of a law enforcement officer, attempted second degree murder with a firearm, attempted aggravated battery of a law enforcement officer, attempted aggravated battery, resisting an officer with violence, shooting within a dwelling, and armed burglary with a dangerous weapon. Appellant took a direct appeal to this court, which appeal was per curiam affirmed without opinion in Florida v. State, 701 So.2d 881 (Fla. 4th DCA 1997).
Appellant timely filed a motion for postconviction relief, which he later supplemented, raising some eight separate grounds. We affirm the trial court's summary denial of grounds one, two, five, six, seven and eight, but reverse and remand on grounds three and four. We write only to address the claims made in grounds three and four.
In ground three, appellant alleged that his convictions for aggravated battery of a law enforcement officer in count six and attempted second degree murder with a firearm in count seven violated double jeopardy as the crimes involved the same victim and same act. See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), codified in § 775.021(4), Fla. Stat. (1995); Johnson v. State, 744 So.2d 1221, 1221 (Fla. 4th DCA 1999); Gresham v. State, 725 So.2d 419, 420 (Fla. 4th DCA 1999). We have held that where a defendant kills a single victim with a series of murderous blows, it is a violation of due process to convict on both aggravated battery and second degree murder. See Campbell-Eley v. State, 718 So.2d 327, 329 (Fla. 4th DCA 1998).
In this case, the record before us indicates that appellant was convicted of both aggravated battery of a law enforcement officer and attempted second degree murder for shooting at the officer. We acknowledge that our decision in this case expressly conflicts with Schirmer v. State, 837 So.2d 587, 589 (Fla. 5th DCA 2003), in which the fifth district concluded that double jeopardy did not bar dual convictions for aggravated battery with a deadly weapon and attempted second degree murder where both criminal charges related to the same actthe stabbing of the victim with a knife.
We reject the state's argument, asserted at trial and here on appeal, that there is no prejudice from these dual convictions because appellant was not sentenced on count six for aggravated battery of a law enforcement officer. Harmless error analysis is not applied to this type of fundamental error. See Johnson v. State, 460 So.2d 954, 958 (Fla. 5th DCA 1984). Thus, the record of appellant's conviction constitutes the violation of double jeopardy.
Appellant made another double jeopardy challenge to his convictions for attempted aggravated battery of a law enforcement officer in count eight and attempted aggravated battery in count nine. Again, we find the dual convictions based on the same incident and victim violate double jeopardy and reject the state's argument of harmless error or lack of prejudice because appellant was not sentenced on count eight.
Appellant also claimed in ground four that his conviction in count eight for attempted aggravated battery of a law enforcement officer was illegal because that offense does not exist. As the state points out, appellant's offense was reclassified under section 784.07, Florida Statutes (1999), from a third degree felony to a second degree felony. The controlling case law reveals that this was erroneous.
*112 In Merritt v. State, 712 So.2d 384, 385 (Fla.1998), the supreme court held that section 784.07, which provides for the reclassification of offenses and minimum sentences for assault or battery of law enforcement officers, among others, does not apply to attempted battery of a law enforcement officer. In so doing, the court explained:
Section 784.07, Florida Statutes (1995), is an enhancement statute rather than a statute creating and defining any criminal offense. The plain language of the statute indicates that the legislature enacted section 784.07 in order to increase the penalties for the enumerated crimes of assault, aggravated assault, battery, and aggravated battery for offenders who commit these crimes upon law enforcement officers. At the time the enhancement statute was enacted, the legislature had created the four enumerated offenses in other statutory provisions.
Id. (footnote omitted).
The court concluded in Merritt that section 784.07 "contains no enhancement or reclassification of penalties for the offense of attempted commission of the enumerated offenses; therefore, attempted assault and attempted battery as well as attempted aggravated assault and battery of a law enforcement officer are nonexistent offenses." Id. (citation omitted).
Thus, we find that the trial court erred by rejecting appellant's sentencing challenge on this ground, at least insofar as appellant's sentence in count nine for attempted aggravated battery was enhanced under this statute.
For the reasons discussed above, we affirm the trial court's summary denial of appellant's motion for postconviction relief on grounds one, two, five, six, seven and eight, but reverse the trial court's summary denial on grounds three and four.
We remand to the trial court for further proceedings consistent with this opinion.
WARNER, STEVENSON and GROSS, JJ., concur.