860 So.2d 1043 (2003)
Jonathan GUTIERREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3129.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
*1044 Pamela H. Izakowitz of Backhus & Izakowitz, P.A., Tampa, for Appellant.
No Appearance for Appellee.
ORFINGER, J.
Jonathan Gutierrez appeals the summary denial of his amended motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Gutierrez was tried and convicted of attempted second-degree murder and aggravated battery causing great bodily harm. His convictions and sentences were affirmed. See Gutierrez v. State, 785 So.2d 498 (Fla. 5th DCA 2001), review dismissed, 807 So.2d 653 (Fla.2002).[1] We affirm.
Gutierrez's amended Rule 3.850 motion asserts six grounds for relief, the first three alleging ineffective assistance of trial counsel. There is a strong presumption that counsel's conduct falls within the wide range of reasonable performance. See Lawrence v. State, 831 So.2d 121 (Fla. 2002), cert. denied, 538 U.S. 926, 123 S.Ct. 1575, 155 L.Ed.2d 319 (2003). To prevail on a claim of ineffective assistance, a defendant must first show that counsel's performance was deficient, in that his or her representation fell below the objective standard of reasonableness based on prevailing norms. Second, the defendant must demonstrate prejudice by showing that there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. See Jones v. State, 845 So.2d 55, 65 (Fla. 2003).
A defendant is only entitled to an evidentiary hearing when he or she alleges specific facts which are not conclusively rebutted by the record, and, which demonstrate a deficiency in performance which prejudiced the defense. Mere conclusory allegations are insufficient. Id. However, a defendant's factual allegations must be presumed true when reviewing a summary denial. See Floyd v. State, 808 So.2d 175, 182 (Fla.2002).
In his first claim, Gutierrez alleges that his counsel was ineffective for failing to fully investigate and develop evidence of his mental health problems, including a severe drug problem, depression, and a history of suicide attempts, despite being made aware of these matters. Gutierrez claims that if counsel had investigated these matters, "other alternatives besides self-defense could have been available to the judge and jury."
Gutierrez admits that his counsel deposed three witnesses who detailed his drug problems as well as his mental and emotional difficulties. Another witness testified that he, the victim and Gutierrez had been smoking marijuana the night of the incident, but that the victim had not been aggressive. Gutierrez testified at trial that he had used marijuana the day of the incident and had a drug problem. He *1045 also testified that the victim attacked him and that he acted in self-defense.
Gutierrez also details his history of mental health problems and treatment. He claims that counsel should have presented evidence regarding his mental health and should have argued that as a result of paranoia, he perceived the need to defend himself. He further contends that his counsel should have raised his mental problems at sentencing for purposes of mitigation. However, he admits that the sentencing judge knew of his drug problems and had received numerous letters supporting him.
As the trial court correctly observed in its order denying relief, Gutierrez did not claim that he was insane at the time of the crimes. Consequently, evidence of his mental health history was inadmissible with respect to the issue of his guilt. See Spencer v. State, 842 So.2d 52, 63 (Fla. 2003) (stating that evidence of most mental conditions is too misleading to be allowed in the guilt phase, so counsel's failure to present such evidence was not ineffective); Chestnut v. State, 538 So.2d 820, 825 (Fla. 1989) (stating that evidence of impaired mental condition, which does not rise to definition of insanity, is not admissible to show defendant could not form necessary specific intent). Evidence of an abnormal mental condition not constituting legal insanity is inadmissible to negate specific intent.
The trial court also correctly noted that, effective October 1, 1999, the defense of voluntary intoxication was abolished. See § 775.051, Fla. Stat. (2000). Gutierrez's crimes occurred in February, 2000, after the defense was eliminated. Therefore, Gutierrez's drug use was not available as a defense, so counsel was not ineffective for failing to present evidence regarding Gutierrez's drug use.
Gutierrez's second claim of ineffective assistance is similar to his first claim. He alleges that his counsel was ineffective for failing to obtain a mental health evaluation. However, Gutierrez does not allege that he was insane at the time of the crime or that he told counsel he was insane. Consequently, there was no basis to request such an evaluation. See also Mills v. State, 603 So.2d 482, 486 (Fla. 1992) (competency is not an issue in every case); cf. Patton v. State, 784 So.2d 380, 387-88 (Fla.2000) (finding that hearing required on claim of ineffectiveness for failing to pursue insanity defense where there was ample evidence to suggest defendant was insane when he committed murder, including fact he had previously been adjudicated insane).
In his third ineffective assistance claim, Gutierrez argues that his counsel was ineffective for failing to object to a violation of his double jeopardy rights. Gutierrez was charged with attempted first-degree murder with a weapon and aggravated battery causing great bodily harm but was convicted of attempted second-degree murder and aggravated battery. Gutierrez argues that his counsel should have objected to the fact that he was convicted of two offenses arising from a single act. Gutierrez relies on Gresham v. State, 725 So.2d 419 (Fla. 4th DCA 1999), in which the defendant was similarly charged and convicted, and the court held that under Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the two convictions were prohibited because the information and the evidence established that the battery was a lesser included offense of the attempted murder. See also Florida v. State, 855 So.2d 109 (Fla. 4th DCA 2003).
In denying Gutierrez relief, the trial court properly recognized that it was bound by the contrary precedent from this *1046 court. In Schirmer v. State, 837 So.2d 587 (Fla. 5th DCA 2003), the defendant was convicted of attempted second-degree murder with a weapon and aggravated battery with a deadly weapon or causing great harm. Both convictions were based on the defendant stabbing the victim with a knife. In concluding that no double jeopardy violation occurred, this court held that the elements of the two crimes were different because attempted murder requires proof of an act that could have resulted in death, which is not an element required for aggravated battery. See also McKowen v. State, 792 So.2d 1251 (Fla. 5th DCA 2001) (holding that convictions for battery on a police officer and attempted second-degree murder based on attack with knife did not violate double jeopardy).
Gutierrez's other claims were properly denied because they are procedurally barred or lack merit. See generally Johnson v. State, 769 So.2d 990, 1005 (Fla. 2000).
The order denying Gutierrez's amended motion for postconviction relief is affirmed.
AFFIRMED.
SAWAYA, C.J. and THOMPSON, J., concur.
NOTES
[1] Because Gutierrez's rule 3.850 motion was denied without an evidentiary hearing, his brief was required to be filed within fifteen days of the filing of the notice of appeal. See Fla. R.App. P. 9.141(b)(1)(C). Although Gutierrez's brief was untimely, we have considered it carefully.