PER CURIAM.
The issue in this case is whether a defendant may be convicted of both attempted second-degree murder with a firearm and aggravated battery on a law enforcement officer for the single act of shooting a police officer. We review Florida v. State, 855 So.2d 109 (Fla. 4th DCA 2003), in which the Fourth District Court of Appeal held that the dual convictions violated the Double Jeopardy Clauses of the state and federal constitutions.[1] The Fourth District acknowledged that its decision is in express and direct conflict with Schirmer v. State, 837 So.2d 587, 589 (Fla. 5th DCA 2003), in which the Fifth District Court of Appeal affirmed convictions for attempted second-degree murder and aggravated battery for a single stabbing. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons that follow, we hold that dual convictions of aggravated battery with a deadly weapon and attempted second-degree murder for a single act of stabbing or shooting a victim do not violate double jeopardy.
FACTS AND PROCEDURAL HISTORY
The defendant, Arthur Florida, shot a police officer in the head during a criminal episode that also involved other offenses. The State charged the defendant with attempted first-degree murder of a law enforcement officer (LEO) in count VI and attempted first-degree murder in count VII, alleging in both counts that Florida shot an officer in the head with a handgun. On count VI, the verdict choices were guilty as charged of attempted murder of a LEO, guilty of aggravated battery of a LEO, guilty of aggravated battery, and not guilty. On count VII, the verdict choices were guilty of attempted first-degree murder, guilty of attempted second-degree murder with a firearm, guilty of aggravated battery, and not guilty. The jury found the defendant guilty of aggravated battery on a LEO on count VI and guilty of attempted second-degree murder with a firearm on count VII. At sentencing, defense counsel moved to vacate the conviction on count VI on double jeopardy grounds, asserting that counts VI and VII “allege the same exact conduct as each other.” The State requested that the trial court withhold sentence on one of the counts, but argued that dual convictions would not cause a double jeopardy violation because each crime had at least one element distinct from the other. The trial court withheld sentence on count VI, but adjudicated the defendant guilty of the offense of aggravated battery on a LEO. On count VII, the trial court adjudicated the defendant guilty of attempted second-degree murder with a firearm and sentenced him to life imprisonment as a habitual violent felony offender.
On direct appeal, the Fourth District affirmed the defendant’s convictions and sentences per curiam without opinion. See Florida v. State, 701 So.2d 881 (Fla. 4th DCA 1997). The defendant moved for postconviction relief, asserting, inter alia, that the convictions on counts VI and VII for shooting the police officer caused a double jeopardy violation. The trial court summarily denied the motion, but the Fourth District reversed and ruled that the conviction on count VI must be vacated. See Florida, 855 So.2d at 111. The Fourth District also concluded that the dual convictions constituted fundamental error, and the error was not rendered harmless by the withholding of sentence on count VI. See id.
ANALYSIS
Initially, we note that the defendant’s double jeopardy claim was properly *945 raised in a motion for postconviction relief. See Lippman v. State, 633 So.2d 1061, 1064-65 (Fla.1994) (holding that a double jeopardy claim raises a question of fundamental error which is not procedurally barred when raised initially in rule 3.850 proceedings). Second, because the issue requires only a legal determination based on undisputed facts, our standard of review is de novo. See Trotter v. State, 825 So.2d 362, 365 (Fla.2002) (stating that sentencing claim presenting double jeopardy and due process issues is reviewed de novo); see generally Armstrong v. Harris, 773 So.2d 7, 11 (Fla.2000) (“[T]he standard of review for a pure question of law is de novo.”).
Under our precedent, absent a clear statement of legislative intent, the test of whether multiple convictions for an act or acts committed during a single episode constitute double jeopardy is governed by Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See Gordon v. State, 780 So.2d 17, 19-20 (Fla.2001). Under Blockburger, dual convictions are authorized only if each offense contains an element that the other does not. See id. at 20; Gaber v. State, 684 So.2d 189, 192 (Fla.1996). The Blockbur-ger test is codified in section- 775.021(4)(a), Florida Statutes (2004). Section 775.021(4) provides in full:
(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Législature is to convict and sentence for each' criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3.: . Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
Under section 775.021(4)(a) and Blockburger, multiple convictions for an act or acts in a criminal episode are unauthorized if each offense does not contain at least one element distinct from the other offenses. Under section 775.021(4)(b), multiple convictions are unauthorized if the offenses fall within one of the three statutory exceptions to the requirement of separate convictions and sentences.[2]
To apply section 775.021(4), we must determine the elements of the two offenses. The crime of attempted second-degree murder is codified in section 777.04(1), Florida Statutes (2004), which defines attempt, and section 782.04(2), Florida Statutes (2004), which defines second-degree murder. As reflected in the standard jury instructions, attempted second-degree murder has two elements: (1) the defendant intentionally committed an *946 act that could have resulted, but did not result, in the death of someone, and (2) the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life. See Brown v. State, 790 So.2d 389, 390 (Fla.2000); State v. Brady, 745 So.2d 954, 957 (Fla.1999). Use of a firearm is a third element that increases the penalty for the crime. The statutory elements of aggravated battery of a law enforcement officer are (1) commission of a battery (2) on a law enforcement officer (3) in which the perpetrator either knowingly caused great bodily harm, permanent disability or permanent disfigurement to the victim, or used a deadly weapon. See §§ 784.045(1)(a)(1)-(2), 784.07(2)(d), Fla. Stat. (2004).
In Gordon, this Court addressed a claim that convictions of attempted murder and aggravated battery were unauthorized. We held that convictions of attempted first-degree murder, felony causing bodily injury, and aggravated battery causing great bodily harm were authorized for the defendant’s act of shooting the victim during a robbery. See 780 So.2d at 18, 25. We concluded that each offense contained an element not contained in the others, and that none of the three exceptions to the presumption of multiple convictions in section 775.021(4)(b) applied. Applying the Blockburger test, this Court stated that
attempted first-degree murder is distinguishable from aggravated battery because the latter requires an intent to cause great bodily harm, not an intent to kill, which is necessary for attempted first-degree murder. Likewise, aggravated battery requires great bodily harm, whereas attempted first-degree murder does not. The attempt to kill the victim is a separate and distinct act which is complete when the gun is fired — regardless of whether the target is hit. Thus, the Blockburger analysis also indicates that attempted first-degree murder and aggravated battery are separately punishable.
Id. at 22.
The State argues that Gordon controls the Blockburger analysis in this case, although one of the convictions is attempted second-degree murder rather than attempted first-degree murder. While he does not discuss Gordon, the respondent in this case asserts that the crimes are the same under Blockburger because the act which is reasonably certain to cause death or great bodily harm necessary for second-degree murder is the same act necessary to establish the intentional infliction of bodily harm for aggravated battery, making the elements congruent. The State responds that although the act may be the same, the elements of the crimes differ.
The State is correct. Under the Blockburger test codified in section 775.021(4)(a), attempted second-degree murder and aggravated battery with a deadly weapon each has an element distinct from the other. Victim contact is unnecessary for attempted second-degree murder but essential to aggravated battery, and unlike attempted second-degree murder, an act need not have had the potential to cause death to constitute aggravated battery. See Schirmer, 837 So.2d at 589. Thus, even apart from the additional elements of the law enforcement officer victim in count VI and the use of a firearm in count VII, the offenses are separate under Blockburger and section 775.021(4)(a). Therefore, separate convictions are authorized unless the offenses come within one of the exceptions in subsection (4)(b).
Subsection (4)(b)(l), which concerns offenses that “require identical elements of proof,” does not apply here. Victim contact is not a required element of *947 proof for attempted second-degree murder; the requirement of attempted second-degree murder that the defendant’s act could have caused death is not a required element of aggravated battery. The respondent does not argue that dual convictions are unauthorized under section 775.021(4)(b)(l).
Leaving aside section 775.021(4)(b)(2) for the moment, the next exception we consider is in subsection (4)(b)(S), which applies to “[o]ffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.” The respondent asserts that even if the offenses are separate under Blockburger, dual convictions are unauthorized under this provision because aggravated battery is a lesser included offense of attempted second-degree murder. However, subsection (4)(b)(3) applies only to necessarily lesser included offenses listed in Category 1 of the Schedule of Lesser Included Offenses, and aggravated battery is listed in Category 2 as a permissibly lesser included offense of attempted second-degree murder. This Court has explained:
When the commission of one offense always results in the commission of another, then the latter is an inherent component of the former. In other words, the Blockburger test by its very nature is designed to distinguish between that group of crimes that are “necessarily lesser included” offenses and- that group of crimes that are not.
State v. Weller, 590 So.2d 923, 926 (Fla.1991). Under this standard, necessarily lesser included offenses are those in which the elements of -the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial. See State v. McCloud, 577 So.2d 939, 941 (Fla.1991) (holding that “an offense is a lesser-included offense for purposes of section 775.021(4) only if the greater offense necessarily includes the lesser offense”). In contrast,
[a] permissive lesser included offense differs in that it cannot be determined to fall within Category 2 unless both the statutory elements and the facts alleged in the accusatory pleadings are consulted. In other words, on the face of the statutes, the two offenses appear to be separate, but the facts alleged in the accusatory pleadings are such that the lesser offense cannot help but be perpetrated once the greater offense has been.
Weller, 590 So.2d at 925 n. 2.
As this Court stated in Gordon, 780 So.2d at 21 n. 3, and the Fifth District recognized in Schirmer, 837 So.2d at 588-89, subsection (4)(b)(3) applies only to necessarily lesser included offenses, those listed in Category 1. See also Gaber, 684 So.2d at 192 (concluding as grounds for rejection of claim to subsection (4)(b)(3) exception that “[i]f two statutory offenses are found to be separate under Blockbur-ger, then the lesser offense is not subsumed by the greater offense”). Consistent with the Court’s determination in Gordon, 780 So.2d at 21 n. 3, that this exception does not apply to dual convictions of attempted first-degree murder and its Category 2 permissibly lesser included offense of aggravated battery, subsection (4)(b)(3) is inapplicable to the offenses of attempted second-degree murder and ág-gravated battery (with or without the law enforcement victim enhancement) in this case.
The Fourth District, in deciding below that the dual convictions in this case resulted in a double jeopardy violation, did not directly discuss lesser included offenses. See Florida, 855 So.2d at 111. Instead, the Fourth District relied in part on its decision in Gresham v. State, 725 *948 So.2d 419, 420 (Fla. 4th DCA 1999), in which the court recognized that aggravated battery is a Category 2 lesser included offense of attempted second-degree murder but held nonetheless that convictions of both crimes for the single act of stabbing the victim violated double jeopardy. The Fourth District stated in Gresham that “both the pleading and the evidence relied on by the state at trial are consistent with the stabbing being committed as part of the attempted second degree murder.” 725 So.2d at 421. The Fifth District in Schirmer expressly declined to follow Gresham, concluding, in accord with this Court’s precedent, that the exception in section 775.021(4)(b)(3) applies only to Category 1 or necessarily lesser included offenses, in which the pleadings and evidence are irrelevant. See Schirmer, 837 So.2d at 588-89.[3] The Fifth District’s conclusion that section 775.021(4)(b)(3) does not preclude dual convictions of aggravated battery and attempted second-degree murder is correct.
The final potential statutory bar to dual convictions that must be addressed is section 775.021(4)(b)(2), which is not discussed by either the Fourth District in this case or the Fifth District in Schirmer. The State asserts that subsection (4)(b)(2) is inapplicable because attempted second-degree murder and aggravated battery are derived from different core offenses, and thus neither is a degree variant of the other.
The terms “core offense” and “degree variant” entered this Court’s lexicon in Sirmons v. State, 634 So.2d 153, 154 (Fla.1994). This Court held in Sirmons that dual convictions of armed robbery and grand theft of an automobile were unauthorized because “these offenses are merely degree variants of the core offense of theft.” Id.; see also State v. Thompson, 607 So.2d 422, 422 (Fla.1992) (adopting district court decision holding that dual convictions of fraudulent sale of a counterfeit controlled substance and felony petit theft for the same act are barred because the offenses are both degrees of theft); Johnson v. State, 597 So.2d 798, 799 (Fla.1992) (holding that dual convictions of theft of a handbag and of a firearm contained therein are unauthorized for a taking accomplished with “one intent and one act.”)
The State, in asserting that the construction of subsection (4)(b)(2) adopted in Sirmons is inapplicable here, again points to Gordon, in which this Court rejected the claim that attempted first-degree murder and aggravated battery causing great bodily harm were degree variants of the crime of injuring someone. Relying on Justice Kogan’s observation in Sirmons that “theft, battery, possession of contraband and homicide are the type of core offenses upon which other criminal charges are based,” Gordon, 780 So.2d at 23 (citing Sirmons, 634 So.2d at 155 (Kogan, J., concurring)), the Court concluded that attempted first-degree murder punishes the intent to kill, whereas aggravated battery causing great bodily harm punishes the act of seriously injuring another person. The Court quoted with approval Justice Shaw’s dissenting opinion in Carawan v. State, 515 So.2d 161 (Fla.1987):
The primary evil of aggravated battery is that it inflicts physical injury on the victim; the primary evil of attempted *949 homicide is that it may inflict death; there is no requirement that the state prove any physical injury. The two statutes are not addressed to the same evil. The relationship between aggravated battery and attempted homicide is different than that between aggravated battery and actual, not attempted, homicide.
Id. at 173 (Shaw, J., dissenting), quoted in Gordon, 780 So.2d at 23.
Gordon controls our application of section 775.021(4)(b)(2) to the convictions of both aggravated battery on a LEO in count VI and attempted second-degree murder with a firearm in count VII. The primary evil of aggravated battery is an intentional, nonconsensual touching or striking, whereas the primary evil of attempted second-degree murder is the potential of the defendant’s act to cause death. The evil of battery omits lethal potential, and the evil of attempted second-degree murder omits victim contact. Thus, the two crimes are not merely degree variants of the same core offense, and therefore do not come within the exception to the requirement of separate convictions set out in section 775.021(4)(b)(2).
Accordingly, the offenses of aggravated battery on a law enforcement officer and attempted second-degree murder with a firearm do not violate the constitutional ban on double jeopardy and are not exempt from the requirement of separate convictions under section 775.021(4), Florida Statutes.
CONCLUSION
For the reasons expressed herein, we quash the Fourth District decision in this case and remand for affirmance of the trial court’s order denying relief on this issue, and approve the Fifth District’s decision in Schirmer.
It is so ordered.
WELLS, LEWIS, CANTERO, and BELL, JJ., concur.
PARIENTE, C.J., dissents with an opinion, in which ANSTEAD, J., concurs.
QUINCE, J., dissents with an opinion, in which PARIENTE, C.J., and ANSTEAD, J., concur.

. See U.S. Const, amend. V; art. I, § 9, Fla. Const.

. Subsections (b)(l)-(3) have been described as setting forth "exceptions to the Blockburger same-elements test," Gaber, 684 So.2d at 192, because even if the offenses are separate under that test, dual convictions are barred if the offenses meet the criteria in one of the exceptions.

. The Fifth District also relied on its decision in McKowen v. State, 792 So.2d 1251 (Fla. 5th DCA 2001), in which it held that there is no double jeopardy bar to convictions of battery on a law enforcement officer and attempted second-degree murder for a knife attack on the officer. The Fifth District employed only the "same elements” test in reaching this conclusion in McKowen. See Id. at 1252.