MONACO, J.
The appellant, Nasieve Dwight Bradley, appeals the judgment and sentence imposed upon him based on his conviction for several violent crimes. While he raises a number of issues on appeal, we find no error and affirm. One issue involving double jeopardy, however, merits some brief discussion.
Among other crimes, Mr. Bradley was convicted and sentenced for both attempted first degree murder with a firearm,[1] and aggravated battery causing great bodily harm[2] for a single act of shooting the victim. Mr. Bradley asserts that the dual convictions and sentences violated the double jeopardy clauses of the state and federal constitutions. Using the analysis of section 775.021(4)(a), Florida Statutes (2004), and Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), set forth by the Florida Supreme Court in State v. Florida, 894 So.2d 941 (Fla.2005), we conclude that because each offense has an element distinct from the other, and one offense is not a “degree variant” of the other, double jeopardy is not offended. See also Gutierrez v. State, 860 So.2d 1043 (Fla. 5th DCA 2003); Schirmer v. State, 837 So.2d 587 (Fla. 5th DCA 2003).
AFFIRMED.
SHARP, W. and GRIFFIN, JJ„ concur.

. §§ 782.04(1)(a)1., 775.087(1), 775.087(2)(a)3., and 777.04, Fla. Stat. (2003).

. §§ 784.045(1)(a)1., 775.087(1), and 775.087(2), Fla. Stat. (2003).