935 So.2d 83 (2006)
Paul T. NEWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-2568.
District Court of Appeal of Florida, Fifth District.
August 4, 2006.
*84 James S. Purdy, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
The appellant, Paul Newell, asserts that the trial court violated the constitutional proscription against double jeopardy by convicting him of: (a) attempted voluntary manslaughter with a weapon, and aggravated battery with a deadly weapon; and (b) sexual battery in two different counts. We affirm.
The issue involving attempted voluntary manslaughter and aggravated battery is governed by the principles announced in State v. Florida, 894 So.2d 941 (Fla.2005). The facts of the present case reflect that while the two offenses arose out of the same general act, they are separate offenses because they do not require identical elements of proof, are not degree variants of the same core offense, and aggravated battery with a deadly weapon is not always subsumed within the offense of attempted voluntary manslaughter. See § 775.021(4) Fla. Stat. (2001). See also Bradley v. State, 901 So.2d 924 (Fla. 5th DCA 2005); Davis v. State, 892 So.2d 1084 (Fla. 2d DCA 2004), review dismissed, 894 So.2d 969 (Fla.2005); Gutierrez v. State, 860 So.2d 1043 (Fla. 5th DCA 2003), review denied, 906 So.2d 1058 (Fla.2005).
The issue involving the convictions for two counts of sexual battery is governed by the principles announced by this court in Cabrera v. State, 884 So.2d 482 (Fla. 5th DCA 2004). There, we held that in order for crimes to be considered to have occurred in more than one criminal episode, there must be such a sufficient temporal break between the two acts as to allow the offender to reflect and form a new criminal intent for each offense. Here, the conversation between Mr. Newell and the victim provided a temporal interval sufficient to allow for reflection, and double jeopardy is not offended. See also State v. Paul, 934 So.2d 1167, 2006 WL 1699524 (Fla. June 22, 2006).
AFFIRMED.
THOMPSON, MONACO and EVANDER, JJ., concur.