PER CURIAM.
 

 The appellant appeals his conviction for manslaughter by culpable negligence. We affirm the appellant’s judgment and sentence without further discussion. However, we find the issue raised in the State’s cross appeal to have merit. For the reasons discussed below, we quash the decision of the trial court to arrest judgment on the appellant’s conviction for furnishing a firearm to a minor and remand for the trial court to reinstate that conviction.
 

 Section 775.021, Florida Statutes (2007), sets out the rules to be used by Florida courts to determine whether a defendant may be convicted of two separate offenses committed during one criminal episode. According to section 775.021(4):
 

 (a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
 

 
 *326
 
 (b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
 

 1. Offenses which require identical elements of proof.
 

 2. Offenses which are degrees of the same offense as provided by statute.
 

 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
 

 This statute was intended by the Legislature to be a codification of the analysis set forth in
 
 Blockburger v. United States,
 
 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
 
 See State v. McDonald,
 
 690 So.2d 1317, 1318 (Fla. 2d DCA 1997). Under the test set out in
 
 Blockburger,
 
 double jeopardy is not violated if a defendant is convicted of crimes which each have an element the other crime does not. The elements of manslaughter include (1) the killing of a human being, (2) caused by an act of culpable negligence.
 
 See
 
 § 782.07, Fla. Stat. (2007); Fla. Std. Jury Instr. (Grim.) 7.7. To prove the crime of furnishing a firearm to a minor the state must prove that the defendant: (1) knowingly or willfully sold or transferred a firearm to, (2) a minor under 18 years of age.
 
 See
 
 § 790.17(2)(a), Fla. Stat. (2007); Fla. Std. Jury Instr. (Crim.) 10.11. It is clear that each crime has an element which the other does not. Manslaughter contains the element of the killing of a human being, which furnishing a firearm to a minor does not. On the other hand, furnishing a firearm to a minor contains the element of selling or transferring a firearm, which manslaughter does not. Therefore, according to
 
 Blockburger,
 
 the dual convictions were proper unless the offenses fit within one of the exceptions in section 775.021(4)(b).
 

 The appellant asserts that the trial court properly ruled that he could not be convicted of both manslaughter and furnishing a firearm to a minor because furnishing a firearm to a minor was a necessarily lesser included offense of the charged offense of culpable negligence. Specifically, the appellant asserts that because the state could not prove the manslaughter charge without proving that the appellant sold a firearm to a minor,
 
 [1]
 
 his conviction for both manslaughter by culpable negligence and furnishing a firearm to a minor is precluded under section 775.021(4)(b)3.
 
 [2]
 
 However, the appellant’s reasoning is erroneous because it is based on an examination of the facts of the case, which is improper.'
 
 See
 
 § 775.021(4)(a), Fla. Stat. (2006) (“offenses are separate if each offense requires proof of an element that the other does not,
 
 ivithout regard to the accusatory 'pleading or the proof adduced at trial
 
 ”) (emphasis added);
 
 Pizzo v. State,
 
 945 So.2d 1203 (Fla.2006) (“lesser offenses ‘are those in which the elements of the lesser offense are always subsumed within the greater, without regard to the charging document or evidence at trial’ ”) (quoting
 
 State v. Florida,
 
 894 So.2d 941, 947 (Fla.2005));
 
 *327
 

 Gaber v. State,
 
 684 So.2d 189, 190 (Fla.1996) (stating that in a double jeopardy analysis, “we cannot examine facts from the record” but “must look only to the statutory elements”). Furnishing a firearm to a minor is not a lesser included offense of manslaughter.
 
 See
 
 Fla. Std. Jury Instr. (Crim.) 7.7.;
 
 See State v. Florida,
 
 894 So.2d 941, 947 (Fla.2005) (“subsection (4)(b)(3) applies only to necessarily lesser included offenses, those listed in Category 1 of the Schedule of Lesser Included Offenses”),
 
 receded from on other grounds in Valdes v. State,
 
 3 So.3d 1067 (Fla.2009). The elements of furnishing a firearm to a minor are not “subsumed” by the elements of manslaughter. Accordingly, we quash the trial court’s decision arresting judgment on the furnishing a firearm to a minor conviction and remand for the trial court to reinstate that conviction.
 

 HAWKES, C.J., BENTON, J., and HANKINSON, JAMES C., Associate Judge, concur.
 

 [1]
 

 . The trial court ruled: "[Alll of the elements necessary to establish the Furnishing a Firearm to a Minor charge, are encompassed in the elements necessary to prove Manslaughter because in order to establish the culpable negligence element of the Manslaughter charge, it is necessary to establish that the Defendant provided the victim with a firearm.”
 

 [2]
 

 . The other exceptions of section 775.021(b) clearly do not apply. The offenses do not require identical elements of proof and the offenses are not the same degree of offense as provided by statute.
 
 See Valdes v. Stale,
 
 3 So.3d 1067 (Fla.2009).