VILLANTI, Judge.
Regina Amos Turner appeals the summary denial of her motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, which raised two claims of ineffective assistance of counsel. We affirm in part, reverse in part, and remand for further proceedings.
From what can be gleaned from the very limited record before this court, Turner was involved in a fatal auto accident on August 12, 2006, at 11:30 p.m. in Polk County. Apparently she caused an accident involving at least one other vehicle, and an occupant of the other vehicle was killed. Turner was charged with and convicted after a jury trial of one count of second-degree murder. She was subsequently sentenced to thirty years in prison. This court affirmed her direct appeal without opinion. See Turner v. State, 19 So.3d 992 (Fla. 2d DCA 2009) (table decision). Mandate issued on November 3, 2009.
On September 24, 2010, Turner filed a timely motion for postconviction relief pursuant to rule 3.850. After a series of responses by the State and orders from the postconviction court, Turner filed a timely second amended motion for post-conviction relief on May 18, 2011. In that motion, Turner alleged that her trial counsel was ineffective for abandoning the de *917 fense of insanity after failing to investigate her mental health history. Turner alleged that trial counsel surprised her on the morning of trial by changing from a defense that the accident was a product of her insanity to a defense that the accident was a “freak accident.” Turner alleged that “[e]ounsel failed to exercise reasonable professional judgment with regard to the investigation and presentation of mitigating mental instability evidence, and failed to discuss this change in defense, which severely prejudiced defendant.” Turner also alleged that she had informed trial counsel that she had previously been involuntarily committed and that she provided the names of her doctors and the location of her treatment to counsel so that counsel could obtain records and information. Nevertheless, counsel did not do so. Turner alleged that she did not agree with this change in defense strategy, stating:
Counsel was deficient in failing to pursue the original defense of insanity, and to have defendant evaluated by mental health specialists. Had counsel investigated and explained the change in defense to the defendant, she would have insisted that the defense of insanity been [sic] pursued. Had counsel had the defendant evaluated, it would have been determined that defendant was legally insane at the time that the crime was committed, and counsel would have been able to invoke the Mc’Naghten [sic] rule. Defendant was denied effective assistance of counsel. Counsel failed to exercise reasonable professional judgment with regard to the investigation and presentation of mitigating mental instability evidence, which severely prejudiced defendant. Counsel’s ineffectiveness was so egregious that counsel was, in effect, not acting as counsel; thereby, depriving the defendant of her right to effective representation, due process, and a fair trial. If not for trial counsel’s deficiencies, the outcome of the trial would have been substantially different.
To the motion, Turner attached the deposition transcript of Richard Thornton, in which he testified that Turner had called him the morning before the accident distraught and saying that she wanted to kill herself. She asked his advice on how many of a certain kind of pill she could take to ensure that she died rather than ending up “a vegetable.” She did not mention any other means of killing herself. When the call ended, Thornton called 9-1-1 to report Turner’s mental state and location.
Turner also attached the deposition transcript of Ronald Amos, her brother. He testified concerning Turner’s depression and ongoing mental health problems. He also testified that Turner had left him a message before the accident saying that she was going to go kill herself in her car, but he did not get the message until after the accident had occurred. He testified that Turner had threatened to kill herself quite often and that she had actually tried to do so three times.
On May 25, 2011, the postconviction court entered an order specifically finding that both of Turner’s claims were facially sufficient and ordering the State to respond. In the State’s response, it argued that Turner’s claim that counsel was ineffective for failing to present an insanity defense was not facially sufficient because it did not include the name of any expert who had ever diagnosed Turner as being insane, what any expert would have testified to, or that any expert had ever diagnosed her as being “insane.” The State alleged that these deficiencies rendered Turner’s claim speculative and conclusory. The State also alleged that Turner’s claim that defense counsel had failed to have her evaluated was conclusively refuted by the record, and it attached portions of the *918 record showing that defense counsel had had Turner evaluated by a psychiatrist after the accident and before trial. The State argued that since the postconviction court had already allowed Turner to amend her motion twice, it should now simply deny both claims. On August 2, 2011, the postconviction court entered an order denying Turner’s claims and adopting and incorporating the State’s response. Turner now seeks review of that order.
We conclude that the postconviction court properly denied Turner’s motion to the extent that it claimed that her counsel was ineffective for failing to investigate her mental health because the attachments to the State’s response show that counsel did, in fact, have Turner evaluated by a mental health professional. Counsel cannot be ineffective for failing to do something that counsel actually did. Cf. Griffin v. State, 866 So.2d 1, 16 (Fla.2003) (noting that trial counsel’s performance cannot be deemed deficient for failing to raise an issue when the exact issue was actually raised at trial).
However, as to Turner’s claim that counsel was ineffective by abandoning the agreed-upon insanity defense in favor of a “freak accident” defense on the morning of trial without discussing the matter with Turner, we must reverse. Generally, when a postconviction defendant alleges that trial counsel conceded at trial that the defendant committed the acts charged and failed to present evidence to support a defense in avoidance despite trial counsel having information that might support that defense, the postconviction court should hold an evidentiary hearing to determine whether counsel was ineffective for failing to present that defense. Patton v. State, 784 So.2d 380, 387 (Fla.2000).
For example, in Patton, the defendant alleged in his motion for postconviction relief that his counsel was ineffective for failing to pursue an intoxication defense or a insanity defense. Id. at 387. The post-conviction court summarily denied this claim, but the supreme court reversed, stating that “it was necessary for the court to conduct an evidentiary hearing to determine whether counsel was acting competently when she chose not to present an intoxication or insanity defense to a charge of first-degree premeditated murder, where she had conceded that the defendant shot the victim.” Id.
The court went on to note that defense counsel had information that might have supported both defenses. As to the intoxication defense, counsel had information that the defendant had been a heavy drag user and had a substantial history of drag and alcohol abuse. Id. Counsel also had information that the defendant had been doing “speedballs” seven hours before the shooting. Id. As to the insanity defense, counsel had information that the defendant had a long history of mental illness and had previously been adjudicated insane. Id. The court noted that a proven claim of either intoxication or insanity would have negated the specific intent necessary for a conviction, and therefore “[a]t the very least this claim [that counsel was ineffective for failing to present either defense] should be tested at an evidentiary hearing.” Id. Cf. Gutierrez v. State, 860 So.2d 1043 (Fla. 5th DCA 2003) (finding that no evidentiary hearing was needed on Gutierrez’s claim that counsel failed to investigate an insanity defense when Gutierrez never claimed that he was insane at the time of the offenses).
Here, according to the allegations in Turner’s motion—which must be accepted as true at this juncture, see Griffin, 866 So.2d at 9; see also Floyd v. State, 808 So.2d 175, 182 (Fla.2002)—defense counsel conceded at trial that Turner caused the *919 auto accident that killed the victim. Counsel’s sole defense was that this was a “freak accident” rather than murder. However, counsel had information that Turner had a long history of mental illness, including at least three suicide attempts and at least one involuntary commitment under the Baker Act. Counsel also had deposition testimony from witnesses that Turner was “not in her right mind” in the hours before the accident. Thus, there was at least some information available to counsel to support an insanity defense. Further, such a defense could have negated the mental state necessary to support the conviction for second-degree murder. Because this evidence was available but not presented to the jury, Turner was entitled to have her claim of ineffective assistance of counsel tested at an evi-dentiary hearing. Thus, the postconviction court erred by summarily denying this claim.
In response to Turner’s motion, the State argued that Turner’s claim was facially insufficient because she did not identify the witnesses who could have testified to her insanity. But Turner is not claiming that counsel was ineffective for failing to call specific witnesses; she is claiming that counsel was ineffective for failing to pursue a specific defense in avoidance of the charge after admitting that Turner committed the acts with which she was charged. Because this involved a strategic decision on which Turner was entitled to be consulted, she was not required to identify specific witnesses to render such a claim facially sufficient. See Occhicone v. State, 768 So.2d 1037, 1048 (Fla.2000) (noting that “strategic decisions do not constitute ineffective assistance of counsel if alternative courses have been considered and rejected and counsel’s decision was reasonable under the norms of professional conduct”).
Accordingly, we affirm the summary denial of Turner’s claim that counsel was ineffective for failing to have her evaluated by a mental health professional because that claim is conclusively refuted by the record. However, we reverse the summary denial of Turner’s claim that counsel was ineffective for failing to pursue an insanity defense and remand for an eviden-tiary hearing on that single claim.
Affirmed in part, reversed in part, and remanded.
CASANUEVA and CRENSHAW, JJ„ Concur.