524 So.2d 1105 (1988)
Earsley WILCHER, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-430.
District Court of Appeal of Florida, Third District.
May 10, 1988.
*1106 Bennett H. Brummer, Public Defender, and Robert Kalter, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard L. Kaplan, Asst. Atty. Gen., for appellee.
Before BARKDULL and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Under the rationale of Carawan v. State, 515 So.2d 161 (Fla. 1987), discharging a firearm in public, section 790.15, Florida Statutes (1987), is the same offense as shooting a deadly missile into an occupied vehicle, section 790.19, Florida Statutes (1987). As in Carawan the two statutes were enacted to remedy the same evil. Because double jeopardy principles prohibit multiple punishment for the same offense, the conviction and sentence for the lesser offense must be vacated.
Wilcher contends that he is entitled to a new trial in any event because the prosecutor improperly told the jury that he had an obligation to call a known favorable witness. One of three arguments made by the State in response to Wilcher's contention is that any error was harmless.
The victim was the driver of a van which was also occupied by her male friend. As she drove by, Wilcher, who was parked in a school zone, called her an offensive name. At the urging of her male friend the victim stopped the van. The male companion got out of the van, and a verbal exchange between the two men ensued. The male friend returned to the van and the couple drove away. As they left, the victim saw the defendant point a shotgun in the direction of her vehicle. She then felt the impact of shotgun pellets which caused slight injury to the back of her head. Although he argues that the prosecutor's comment was not harmless, Wilcher is unable to present a theory from the undisputed facts which is reasonably consistent with innocence and inconsistent with guilt. In light of the overwhelming evidence of guilt we need not decide whether the comment was improper and, if so, whether the error was preserved for review.
Two other points are conceded by the State: (1) victim injury points cannot be added to the scoresheet if injury is not an element of the crime, Florida Rule of Criminal Procedure 3.701(d)(7); Camerron v. State, 508 So.2d 570 (Fla. 3d DCA 1987), and (2) the written sentence does not conform to the sentence announced in court and should be corrected on remand, Toombs v. State, 404 So.2d 766 (Fla. 3d DCA 1981), review denied, 412 So.2d 471 (Fla. 1982).
The conviction and sentence for shooting a deadly missile into an occupied vehicle is affirmed; the conviction and sentence for discharging a firearm in public is reversed; the addition of victim injury points to the guideline scoresheet and the written sentence, to the extent the sentence varies from that which was orally pronounced, are reversed. On remand the court must impose a sentence which does not exceed the guideline range.