695 So.2d 747 (1997)
STATE of Florida, Appellant/Cross-Appellee,
v.
Eric Martin HINES, Appellee/Cross-Appellant.
No. 96-1672.
District Court of Appeal of Florida, First District.
March 14, 1997.
Rehearing Denied May 20, 1997.
Robert A. Butterworth, Attorney General; Mark C. Menser, Assistant Attorney General, Tallahassee, for Appellant/Cross-Appellee.
Nancy A. Daniels, Public Defender; Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellee/Cross-Appellant.
LAWRENCE, Judge.
The State directly appeals the post-guilty-verdict dismissal, based on double jeopardy principles, of two counts against Eric Martin Hines (Hines). We reverse on the State's appeal; we affirm on Hines's cross-appeal.
A jury found Eric Martin Hines (Hines) guilty of attempted second-degree murder of Robert Forsyth (count one); attempted second-degree murder of Katherine Forsyth (count two); aggravated battery with a firearm (count three); aggravated assault (count four); aggravated assault with a firearm (count five); shooting into a conveyance (count six); and burglary of a conveyance (count seven). Hines committed these crimes on September 24, 1995, in Escambia County.
The facts in brief are that the victims, Mr. and Mrs. Forsyth (their five children at home with a sitter), were taking a night stroll on a deserted beach of Perdido Key. The Forsyths, approaching their car at the end of their walk, unobserved, saw two strange men burglarizing their car and a sports car parked behind their car; they waited in fear until the men disappeared over a dune, then ran to their car and sped off. The sports car shortly was behind them, running the Forsyths off the road at one point. Three shots were fired at the Forsyths in their moving car; one of the shots hit Mr. Forsyth. The Forsyths pulled into a Tom Thumb Store, shouting for help; only then did the sports car drive away.
Officer Zeka, hearing the shots and recognizing them as fired from a .357, observed one car pull into the Tom Thumb convenience store while the other (a Camaro) sped toward Alabama; the officer followed the Camaro and eventually stopped it. Hines was driving the Camaro; Hudson (Hines's *748 codefendant) was his passenger. The officer, after receiving a dispatch relating to the shootings, arrested Hines and Hudson. A Taurus .357 revolver was found along the road of these events; Hines's fingerprint was on it. The trial judge denied Hines's motion for judgment of acquittal on all counts. We affirm without discussion that denial (the cross-appeal).
The State's appeal is based on the judge's posttrial decision to dismiss, on "same criminal episode" reasoning, counts fiveaggravated assault with a firearm, and sixshooting into a conveyance.[1]
The Florida Supreme Court subsequently released its opinions in M.P. and Craft, clarifying "same criminal episode" analysis. M.P. v. State, 682 So.2d 79 (Fla. 1996) (holding that adjudications for delinquency for both carrying a concealed weapon and possession of a firearm by a minor, in connection with the same weapon and incident, do not violate double jeopardy); State v. Craft, 685 So.2d 1292, 1293, 1294 (Fla.1996) (affirmatively answering the question "when a defendant commits separate offenses during the same criminal episode, each involving a firearm, but each having separate and distinct elements, may the defendant be convicted and sentenced for each crime?," and directing that: "Offenses are separate if each offense requires proof of an element that the other does not."). These cases hold that separate convictions and sentences can be imposed upon a defendant for crimes arising out of the same criminal episode if each crime requires proof of an element that the other crimes do notif the crimes have different elements separate convictions and sentences are valid. M.P., 682 So.2d at 81 ("The Blockburger,test which is also called the `same-elements' test, inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars subsequent punishment or prosecution. The Blockburger test has been codified in Florida at section 775.021(4), Florida Statutes (1995).").
The State correctly points out that Hines's challenged convictionsaggravated assault with a firearm, and shooting into a conveyancehave separate elements from attempted murder, and thus separate convictions and sentences are proper. Attempted second-degree murder requires doing "any act toward the commission of" an "unlawful killing of a human being, when perpetrated by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design" to effect the death. §§ 782.04(2), 777.04(1), Fla.Stat. (1995). Aggravated assault with a firearm requires a threat to do violence, with the apparent ability to do so, causing a well-founded fear, with a deadly weapon, without an intent to kill, or with an intent to commit a felony. §§ 784.011(1), 784.021(1), Fla.Stat. (1995). Second-degree attempted murder thus requires no firearm; aggravated assault with a firearm requires a firearm. Aggravated assault with a firearm thus requires an element not required by attempted murder. Separate convictions and sentences therefore are valid for attempted second-degree murder and aggravated assault with a firearm.
Shooting into a conveyance requires "wantonly or maliciously" shooting "at, within, or into," an occupied vehicle something that "would produce death or great bodily harm." § 790.19, Fla.Stat. (1995). Shooting into a conveyance thus likewise contains an element, shooting, not required by attempted murder, which does not require a firearm. Separate convictions and sentences for attempted murder and for shooting into a conveyance therefore are valid, despite arising from the same criminal episode.
We therefore reverse and remand for entry of appropriate judgments and sentences on counts fiveaggravated assault with a firearm, and sixshooting into a conveyance. We affirm in all other respects.
WEBSTER and PADOVANO, JJ., concur.
NOTES
[1] The judge sentenced Hines to 88.25 months in prison, including one three-year mandatory term for use of a firearm.