W. SHARP, J.
Burns appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He alleges that his sentence, which was rendered under the 1995 sentencing guidelines is illegal, relying on Heggs v. State, 759 So.2d 620 (Fla.2000). He also alleges his offenses were committed on July 29, 1996, within the Heggs’ window period. The trial court denied Burns’ motion on the ground that his sentence would not be a “departure” under the 1994 guidelines. However, it did not attach any record to support that conclusion.
Burns was scored 157.8 points under the 1995 sentencing guidelines, which resulted in a sentencing range of 97.35 to 162.25 months. He was sentenced to 96 months incarceration. Burns alleges that his score under the 1994 guidelines would have been 92.60, resulting in a sentencing range of 48.45 to 80.75 months.
The trial court did not attach a score-sheet to support the denial order. Accordingly, we remand this cause to the trial court for the purpose of attaching such potions of the record as may be required to show Burns is not entitled to the relief he seeks. See Moore v. State, 741 So.2d 577 (Fla. 5th DCA 1999); Young v. State, *761 766 So.2d 1258 (Fla. 5th DCA 2000). If the court determines that Burns is entitled to be resentenced pursuant to Heggs, it may grant that relief.
REVERSED and REMANDED.
COBB and PETERSON, JJ., concur.