GRIFFIN, J.
In this Anders case, defendant Clarence L. Barfield, appeals the denial of his Rule 3.800(a) motion raising a Heggs[1] issue. In the motion, defendant alleged that he pled guilty and was sentenced in Case No. 97-1997 on November 13, 1998 to 95 months. In Case No. 97-1578, he went to trial for an armed robbery which occurred on May 13, 1997 and was convicted and sentenced to 96 months on the same day as the sentencing in Case No. 97-1997. He claims that he was sentenced under unconstitutional 1995 guidelines for his crimes in Case No. 97-1997.
After defendant filed his Rule 3.800(a) motion, this court reversed the judgment in 97-1578 for a new trial. The convictions and sentences in 97-1997 were affirmed.
The State filed a response below to defendant’s Rule 3.800 motion. The State agreed that defendant’s offenses were committed within the necessary window period and that defendant was sentenced under the unconstitutional 1995 guidelines. However, the State argued that defendant was not adversely affected, because he was actually sentenced in Case No. 97-1997 to 60 months, followed by 10 years probation, which the State claimed was a downward departure under the 1995 guidelines and the 1994 guidelines. According to the State, defendant’s guideline range under the 1994 guidelines was 61.05 months to 101.75 months. However, the corrected guideline scoresheet scores the robbery in Case No. 97-1578 as the primary offense, and the conviction in that case was reversed. At the hearing on defendant’s motion, the State indicated that defendant had entered a plea in Case No. 97-1578 after the case was remanded and was re-sentenced using a separate scoresheet. The State argued that because defendant was not adversely affected under the original scoresheet, he was not entitled to relief.
The defense argued that a new score-sheet should be prepared because defendant was separately sentenced in Case No. 97-1578. Defense counsel urges that the range on the new scoresheet would be 30 *708 to 80 months, and that defendant should be sentenced to 30 months. The State counters that defendant’s sentence of 60 months would still be within the guidelines.
As stated recently in St. Lawrence v. State, 785 So.2d 728 (Fla. 5th DCA 2001), once the trial court determines that the defendant is entitled to re-sentencing under Heggs, the defendant is entitled to a de novo sentencing hearing and any discrepancy in scoring brought to the trial court’s attention should be resolved. See also June v. State, 784 So.2d 1257 (Fla. 5th DCA 2001).
If the scoresheet submitted by the State is corrected to reflect the Case No. 97-1997 offense of burglary of a dwelling as the primary offense, and the Case No. 97-1578 robbery scored as prior record, it appears that defendant’s guideline range would be reduced. The trial court did not provide a corrected scoresheet, however, finding that defendant was not adversely affected. In Cooper v. State, 772 So.2d 608 (Fla. 5th DCA 2000), this court held that when a trial court denies a Heggs claim on the ground that the sentence imposed could have been imposed under the 1994 guidelines, the trial court must attach the recomputed scoresheet to confirm its ruling. See also Burns v. State, 770 So.2d 760 (Fla. 5th DCA 2000). We must therefore reverse the trial court’s order and remand the case for preparation of a corrected scoresheet and reconsideration of defendant’s right to be resentenced under Heggs, in light of the improper scoring of Case No. 97-1578.
REVERSED and REMANDED.
PETERSON and ORFINGER, R.B., JJ., concur.

. Heggs v. State, 759 So.2d 620 (Fla.2000).