871 So.2d 929 (2004)
Clarence BARFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-3806.
District Court of Appeal of Florida, Fifth District.
March 26, 2004.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, C.J.
Clarence Barfield appeals the sentences imposed following his plea of guilty to violating the terms of his probation in case numbers 97-1578 (robbery with a firearm) and 97-1997 (burglary of a dwelling, dealing in stolen property, and grand theft).[1] *930 He argues that the trial court violated the state and federal proscriptions against double jeopardy when it sentenced him for both grand theft and dealing in stolen property because both offenses arose from the same scheme or course of conduct.
We emphasize that Barfield entered an open, unconditional plea to the court that was not made pursuant to a plea agreement. Moreover, there is nothing in the record to indicate that Barfield waived any double jeopardy violation. See Novaton v. State, 634 So.2d 607 (Fla.1994).
Barfield's argument is premised on section 812.025, Florida Statutes (2001), which provides:
Notwithstanding any other provision of law, a single indictment or information may, under proper circumstances, charge theft and dealing in stolen property in connection with one scheme or course of conduct in separate counts that may be consolidated for trial, but the trier of fact may return a guilty verdict on one or the other, but not both, of the counts.
In Hall v. State, 826 So.2d 268 (Fla.2002), the supreme court found that "section 812.025 prohibits a trial court from adjudicating a defendant guilty of both theft and dealing in stolen property in connection with one scheme or course of conduct pursuant to a plea of nolo contendere." Id. at 271.
Barfield acknowledges that he did not raise this issue below, but contends that because his argument is a double jeopardy claim, it can be raised for the first time on appeal, noting that a conviction that is not statutorily authorized may be attacked at any time. The State responds that this is not a double jeopardy claim, asserting that Hall did not find that the dual convictions violated double jeopardy, but rather that they were prohibited by section 812.025. Thus, the State contends, because the issue was not raised below, it may not be raised for the first time on appeal.
The State's argument was rejected in Kilmartin v. State, 848 So.2d 1222 (Fla. 1st DCA 2003), wherein the court analyzed Hall and concluded:
Given the holding in Hall, one must conclude that the supreme court had determined that the legislature's intent when it adopted section 812.025 was to prohibit separate punishments for both grand theft and dealing in stolen property when both offenses were parts of the same criminal transaction. Accordingly, one must conclude, further, that separate punishments for both offenses in such cases, whether as the result of a trial or of pleas, violate the state and federal prohibitions against double jeopardy.
Appellant raises this argument for the first time on appeal, following his unconditional guilty pleas to both offenses. The state contends that appellant is precluded by his guilty pleas from doing so, relying on Florida Rule of Appellate Procedure 9.140(b)(2), which identifies the circumstances in which an appeal from a guilty or no contest plea is permitted. Appellant responds that the dual convictions constitute fundamental error, and that this appeal is permitted by rule 9.140(b)(2)(A)(ii)e as one "otherwise provided by law." We agree with appellant because it is clear that a conviction that violates the prohibition against double jeopardy constitutes fundamental *931 error, e.g., State v. Johnson, 483 So.2d 420 (Fla.1986); and a claim of fundamental error may be raised for the first time on appeal. E.g., Sanford v. Rubin, 237 So.2d 134 (Fla.1970).
Id. at 1224; see also Toson v. State, 864 So.2d 552 (Fla. 4th DCA 2004).
In the instant case, it is the lack of record evidence that Barfield's convictions for dealing in stolen property and grand theft arose from the same scheme or course of conduct that creates the true impediment to Barfield's argument on appeal. Our review of the record shows that Count II of the information charged Barfield with grand theft of, among other things, jewelry, while Count III charged him with dealing in stolen property, alleging that Barfield "did traffic in or endeavor to traffic in property, to-wit: jewelry that [he] knew or should have known was stolen...." There is no mention in the record whether the jewelry referenced in the counts is the same jewelry; however, the information charged that both offenses occurred on or about May 12, 1997. The fact that the offenses occurred the same date arguably supports Barfield's position, but only inferentially. Our perusal of the transcript of the sentencing hearing reveals that it too is silent regarding the specifics of the case, as the public defender asked the court to "take judicial notice of the arrest affidavit and the factual allegations contained in the case file that support the factual basis." Although the arrest affidavit is contained in the record, it does not reflect the facts of the case and, in any event, could not have been relied upon. See Burgess v. State, 831 So.2d 137 (Fla. 2002) (rejecting the argument that an unsworn arrest report in the court file indicating that offenses for which defendant was convicted were part of same criminal episode could be used as the basis for determining that offenses arose from same criminal episode).
We conclude that an evidentiary hearing is required to determine whether the offenses were part of the same scheme or course of conduct, as there is nothing in the record that conclusively demonstrates (or rebuts) that claim. Thus, it would appear that the issue may have to be dealt with via a rule 3.850 motion. See Burgess (holding that the issue of whether offenses arose out of single criminal episode is not a pure question of law but rather requires an evidentiary determination pursuant to a motion for post-conviction relief under rule 3.850). Accordingly, we affirm the sentences on appeal without prejudice to Barfield filing a timely rule 3.850 motion.
AFFIRMED.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] Barfield has had two prior appeals, neither of which give the factual background for the charges alleged in case number 97-1997. See Barfield v. State, 792 So.2d 706 (Fla. 5th DCA 2001) (reversing and remanding for preparation of a corrected scoresheet and reconsideration of defendant's right to be resentenced under Heggs because of the improper scoring of case number 97-1578); Barfield v. State, 762 So.2d 564 (Fla. 5th DCA 2000) (reversing armed robbery conviction in case number 97-1578 and remanding for a new trial based on failure to give requested jury instruction; affirming the sentences in case number 97-1997).