GRIFFIN, J.
Defense counsel has dropped a footnote in its Anders[1] brief to say that Celeste May Fox’s [“Fox”] sentences for grand theft and dealing in stolen property violate double jeopardy because they arose from the same course of conduct, citing Hall v. State, 826 So.2d 268 (Fla.2002). In Barfield v. State, 871 So.2d 929 (Fla. 5th DCA 2004), however, we observed:
In the instant case, it is the lack of record evidence that [Defendant’s] convictions for dealing in stolen property and grand theft arose from the same scheme or course of conduct that creates the true impediment to [Defendant’s] argument on appeal.
Id. at 931. This case, like Barfield, involves a plea and the circumstances of the offences are not clear from the record. More important, unlike Barfield and Hall, Fox entered into a detailed plea agreement with the State that included both convictions. See Barfield, 871 So.2d at 930. Hall v. State, 767 So.2d 560, 561 (Fla. 4th DCA 2000).
AFFIRMED.
THOMPSON and TORPY, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re: Anders Briefs, 581 So.2d 149 (Fla.1991).