931 So.2d 231 (2006)
Wilson Javier LOPEZ-VAZQUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-4250.
District Court of Appeal of Florida, Fifth District.
June 16, 2006.
*232 James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
SAWAYA, J.
The issue we must resolve is whether convictions for attempted second-degree murder, shooting into an occupied vehicle, and shooting from a vehicle, all arising out of the same criminal episode, constitute a violation of double jeopardy principles.
There is no dispute between the parties that all three offenses arise out of a single criminal episode. Therefore, a discussion of the particular facts and circumstances that comprise that episode is not necessary to resolve the issue before us. Suffice it to say that an incident of road rage escalated into extreme acts of violence, culminating in the attempt by Vazquez to take the life of the victim. As Vazquez sat in his vehicle, he fired his weapon into the vehicle occupied by the victim, wounding the victim in the arm. Vazquez was convicted and sentenced for the three offenses previously mentioned, which he now claims violate his right not to be placed in jeopardy more than once for the same criminal offense. Although Vazquez did not timely object to the multiple convictions and sentences, that error is not a jurisdictional impediment to appellate review because "[a] violation of double jeopardy constitutes fundamental error which may be raised for the first time on appeal." Vasquez v. State, 778 So.2d 1068, 1070 (Fla. 5th DCA 2001). Because we address a legal issue, the standard of review that governs our analysis is de novo. See State v. Florida, 894 So.2d 941 (Fla. 2005).
Criminal defendants are protected from multiple convictions and punishments for the same offense by both the federal and state constitutions. See U.S. Const. amend. V.; Art. I, § 9, Fla. Const. Our analysis of double jeopardy issues must be directed by legislative intent, State v. Anderson, 695 So.2d 309, 311 (Fla. 1997), and so the prevailing standard for "determining the constitutionality of multiple convictions . . . for offenses arising from the same criminal [episode] is whether the [L]egislature `intended to authorize separate punishments for the two crimes.'" M.P. v. State, 682 So.2d 79, 81 (Fla.1996) (quoting Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)). The absence of a clear statement of legislative intent to authorize separate punishments for crimes that arise from one criminal episode requires application of section 775.021(4), Florida Statutes (2005), to determine whether separate offenses exist. M.P.; Gaber v. State, 684 So.2d 189 (Fla.1996).
Section 775.021(4) eschews the rule of lenity, which compels strict construction of criminal statutes in favor of the accused,[1] by requiring that separate crimes committed in the course of one criminal episode be punished separately. § 775.021(4), Fla. Stat (2005); see also Gordon v. State, 780 So.2d 17, 24 (Fla.2001) ("Subsequently, the Legislature amended section 775.021, explicitly enunciating its intent that crimes be separately punished without regard to the rule of lenity."). Separate crimes are committed "if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." *233 § 775.021(4)(a), Fla. Stat. (2005). Compliance with this component of the analysis generally requires a rather straightforward examination of the statutory elements of each offense. See Johnson v. State, 689 So.2d 1065 (Fla.1997); Gaber, 684 So.2d at 190-91; State v. Maxwell, 682 So.2d 83, 84 (Fla.1996); State v. Johnson, 676 So.2d 408 (Fla.1996); Hamrick v. State, 648 So.2d 274 (Fla. 4th DCA 1995). This methodology typically bears the moniker "Blockburger test,"[2] and its primary virtue is that it can be easily applied to produce consistent and predictable results.
There are, however, three statutory exceptions that apply if the crimes do not have identical elements, one of which is a reiteration of the Blockburger test. § 775.021(4)(b), Fla. Stat. (2005).[3] Reduced to its essence, section 775.021(4) provides that convictions and sentences for offenses committed in one criminal episode violate double jeopardy when the offenses have identical elements or, having different elements, they are degree variants of the same offense, or one or more are lesser included offenses and subsumed in the greater offense. Hence, the analysis under section 775.021(4) requires that we first determine whether the offenses have identical elements and if they do, the analysis ends and one offense must be eliminated. See Gordon. If they do not, we must proceed to determine whether any of the three exceptions applies. If any exception applies, elimination of one offense is required to comply with the double jeopardy protections. Id.
We discern no clear legislative statement that separate convictions and punishments for the three offenses committed by Vazquez are intended, so we proceed with our analysis under section 775.021(4), beginning first with examination of the elements of each offense to determine identity. Attempted second-degree murder, as proscribed by sections 782.04(2) and 777.04, Florida Statutes (2005),[4] requires proof of two elements: 1) Vazquez intentionally committed an act that would have resulted in the death of the victim, except that someone prevented the defendant from killing the victim or the defendant failed to do so; and 2) the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life. Shooting into an occupied vehicle in violation of section *234 790.19, Florida Statutes (2005), requires proof of three elements: 1) Vazquez shot a firearm; 2) he did so at, within, or into a vehicle of any kind that was being used or occupied by any person; and 3) the act was done wantonly or maliciously. Shooting from a vehicle in violation of section 790.15(2), Florida Statutes (2005), requires proof of two elements: 1) Vazquez knowingly and willfully discharged a firearm from a vehicle; and 2) at the time he discharged the firearm, Vazquez was within 1000 feet of any person.
Our examination of these statutory elements reveals that each crime contains an element the others do not. Comparing the two shooting crimes with the crime of attempted second-degree murder, the former requires the element of shooting with a firearm from a vehicle or into a vehicle, but the latter does not. See State v. Hines, 695 So.2d 747, 748 (Fla. 1st DCA 1997) ("Shooting into a conveyance thus likewise contains an element, shooting, not required by attempted murder, which does not require a firearm. Separate convictions and sentences for attempted murder and for shooting into a conveyance therefore are valid, despite arising from the same criminal episode."). The crime of attempted second-degree murder requires the State to prove the element that the act would have resulted in the death of the victim; there is no similar requirement in the shooting statutes. Comparison of the elements of just the two shooting offenses reveals that each contains different elements: one requires shooting into a vehicle occupied by another person and the other requires shooting from a vehicle by a person who is within 1000 feet of another person. Having thus administered the Blockburger test, the results reveal that double jeopardy protections afforded Vazquez have not been violated unless one of the statutory exceptions applies and we note, parenthetically, that Vazquez does not contend otherwise. Vazquez argues that the convictions cannot stand because each is a degree variant of the same core offense.
In determining whether crimes are degree variants of the same core offense, the primary evil that each statute was intended to address must be examined. Gordon; Austin v. State, 852 So.2d 898, 901 (Fla. 5th DCA 2003) ("Following the format laid out in Gordon, we look to the evil which each statute was intended to prevent."); Mitchell v. State, 830 So.2d 944 (Fla. 5th DCA 2002), review denied, 845 So.2d 892 (Fla.2003). The evil that is being addressed determines whether the offenses share "the same core offenses categorized as theft, battery, possession of contraband or homicide." Mitchell, 830 So.2d at 947; see also Gordon, 780 So.2d at 21, 23 (recognizing Justice Kogan's observation in his concurring opinion in Sirmons v. State, 634 So.2d 153, 155 (Fla. 1994), that "theft, battery, possession of contraband and homicide are the type of core offenses upon which other criminal charges are based" and concluding that "attempted first-degree murder punishes the intent to kill, whereas aggravated battery causing great bodily harm punishes the act of seriously injuring another person").
Vazquez neither asserts what core offense these convictions share nor explains what primary evil is being addressed by each statute. Regardless, as previously indicated, precedent tells us that "the primary evil of attempted second-degree murder is the potential of the defendant's act to cause death." Florida, 894 So.2d at 949. Indeed, the standard jury instruction for attempted second-degree murder provides that the State must prove two elements beyond a reasonable doubt: 1) that the defendant intentionally committed an *235 act which would have resulted in the death of the victim except that someone prevented the defendant from killing the victim or the defendant failed to do so; and, 2) that the act was imminently dangerous to another and demonstrated a depraved mind without regard for human life. Fla. Std. Jury Instr. (Crim.) § 6.4., at 1744 (emphasis added). We believe that the primary evil addressed by sections 790.19 and 790.15, which proscribe shooting into an occupied vehicle and shooting from a vehicle, is the endangerment of the safety of those who may be struck by the discharge from the firearm. While the violation of both shooting statutes may, in some instances, involve the death of the victim, certainly many cases will involve varying degrees of injury suffered by victims struck by the discharge from a firearm. Thus, the core offense for the shooting offenses must lie outside the core offense of homicide. As the court explained in Florida, "[t]he evil of battery omits lethal potential, and the evil of attempted second-degree murder omits victim contact." Florida, 894 So.2d at 949. Accordingly, we conclude that the core offense of the shooting statutes is battery and the core offense of attempted second-degree murder is homicide. Therefore, the crimes of attempted second-degree murder and the two shooting offenses are not degree variants of the same underlying offense for which dual convictions are unauthorized pursuant to section 775.021(4)(b)(2).
Adverting once again to just the two shooting offenses, the foregoing analysis, which reveals they share the same core offense of battery, leads us to conclude that the two shooting offenses are degree variants of the same underlying offense.[5] Therefore, because both offenses arise out of the same criminal episode, convictions for both are prohibited under section 775.021(4)(b)(2). We find further support for this conclusion from the fact that the two firearm statutes are included in chapter 790, Florida Statutes, entitled "Weapons and Firearms." This fact is elevated to a level of significance by a general rule recognized and applied by this court and others, which provides that "degree crimes, or `degree variants,' are oftentimes denoted in the same statutory chapter. . . ." Anderson, 695 So.2d at 311 (footnote omitted); see also Lovell v. State, 882 So.2d 1107 (Fla. 5th DCA 2004). Although this general rule does not necessarily apply in all cases, we believe it does here and it suggests that both shooting offenses are degree variants of the same core offense.
A word about the decision in M.P. is in order. There, the court considered whether two convictions under chapter 790 constituted double jeopardy when they arose out of a single incident. In that case, a juvenile was adjudicated delinquent for carrying a concealed weapon in violation of section 790.01 and possession of a firearm by a minor in violation of section 790.22(3) after he was found in possession of a single weapon. The court found that double jeopardy was not violated in that case because a clear statement of legislative intent to punish each crime separately is contained in section 790.22(7), which states that "[t]he provisions of this section are supplemental to all other provisions of law relating to the possession, use, or exhibition *236 of a firearm." M.P., 682 So.2d at 82 (alteration in original) (quoting § 790.22(7), Fla. Stat. (Supp.1994)). Since neither section 790.15 nor section 790.19 contains any similar language indicating that the provisions are supplemental to the other provisions of law, we do not find any inconsistency between our decision, which holds that convictions under two statutes in chapter 790 constitute a violation of double jeopardy, and the decision in M.P., which holds that convictions under two different statutes in chapter 790 do not.
When double jeopardy protections require that a conviction and its attendant sentence be vacated, precedent directs that the lesser offense should be eliminated. See State v. Barton, 523 So.2d 152, 153 (Fla.1988); McGlorthon v. State, 908 So.2d 554, 556 n. 2 (Fla. 2d DCA 2005). But here it does not matter which shooting offense is lost because both are second-degree felonies. See Ward v. State, 730 So.2d 728 (Fla. 1st DCA 1999), abrogated on other grounds by Consiglio v. State, 818 So.2d 467 (Fla.2002). Therefore, we will leave it to the trial court to make the choice. See McGlorthon, 908 So.2d at 556 n. 2; Cabanela v. State, 871 So.2d 279, 282 (Fla. 3d DCA 2004) ("[W]e remand with instructions that three of the appellant's four convictions and sentences be vacated forthwith.") (footnote omitted). Accordingly, we remand with instructions to the trial court to vacate one of the shooting convictions and for resentencing on the remaining convictions, if necessary. We affirm the judgment in all other respects.
AFFIRMED IN PART, AND REMANDED WITH INSTRUCTIONS.
PLEUS, C.J. and PALMER, J., concur.
NOTES
[1] § 775.021(1), Fla. Stat. (2005).
[2] The name derives from Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which established the standard.
[3] This statute specifically provides as follows:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
The first exception provided in section 775.021(4)(b) simply repeats the Blockburger same elements test.
[4] Section 782.04(2) defines the crime of second-degree murder and section 777.04 defines attempt.
[5] We note that the two shooting offenses do not fall within the exception provided in section 775.021(4)(b)(3) because they are not necessarily included lesser offenses of attempted second-degree murder. State v. Florida, 894 So.2d 941 (Fla.2005); Gordon v. State, 780 So.2d 17, 20 n. 3 (Fla.2001) (holding that the third statutory exception only applies to necessarily included lesser offenses) (citing State v. McCloud, 577 So.2d 939, 941 (Fla.1991); Aiken v. State, 742 So.2d 811 (Fla. 2d DCA 1999)).