983 So.2d 759 (2008)
Luis Alfredo LUCIANO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-601.
District Court of Appeal of Florida, Fifth District.
June 13, 2008.
James S. Purdy, Public Defender, and Marvin F. Clegg, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Brigid E. Collins, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Appellant raises three points on appeal, only two of which merit discussion. Appellant challenges his convictions for shooting from a vehicle[1] and shooting into an occupied vehicle[2] on double jeopardy grounds. The State concedes that our panel decision in Lopez-Vazquez v. State, 931 So.2d 231 (Fla. 5th DCA 2006), compels reversal, although the State urges that we recede from this precedent. The State also concedes Appellant's second point  the lack of evidentiary support for the award of investigative costs.
Accordingly, we remand this cause with instructions that the trial court vacate one of the shooting convictions and the award of investigative costs. Upon remand, the trial court may re-impose such costs upon appropriate motion and proof.
We certify conflict with Valdes v. State, 970 So.2d 414 (Fla. 3d DCA 2007), rev. granted, 975 So.2d 430, 2008 WL 599838 (Fla.2008).
AFFIRMED IN PART AND REMANDED; CONFLICT CERTIFIED.
LAWSON and COHEN, JJ., concur.
TORPY, J., concurs and concurs specially with opinion.
TORPY, J., concurring and concurring specially.
I concur on the double jeopardy issue only because we are bound by the panel *760 decision in Lopez-Vazquez v. State, 931 So.2d 231 (Fla. 5th DCA 2006). If we were not so bound, I would affirm. I agree with the decision of our sister court in Valdes v. State, 970 So.2d 414 (Fla. 3d DCA 2007), which certified conflict with Lopez-Vazquez and is currently on review. In my view these are separate offenses for which separate punishment is authorized. Although I admit that the decisional law on this point is confusing and difficult to reconcile, I think the statutory exception on which the panel relied in Lopez-Vazquez is not applicable here. It prohibits separate punishments when the two offenses are "degrees of the same offense as provided by statute." § 775.021(4)(b)(2), Fla. Stat. (2007) (emphasis supplied). Here, we are dealing with two separate offenses contained within two separate statutes. The fact that they are both part of the same chapter is of no consequence in my view. Section 790.15(2) punishes the discharge of a firearm from a vehicle within 1000 feet of any person. Section 790.19 relates to shooting or throwing a deadly missile into a building or conveyance. Neither is a statutory degree variant of the other. They are entirely different crimes.
NOTES
[1] § 790.15(2), Fla. Stat. (2006).
[2] § 790.19, Fla. Stat. (2006).